IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS; CALIFORNIA ASPHALT PAVEMENT ASSOCIATION; CALIFORNIA MANUFACTURES & TECHNOLOGY ASSOCIATION; CONSUMER ENERGY ALLIANCE; DOMESTIC ENERGY PRODUCERS ASSOCIATION; ENERGY MARKETERS OF AMERICA; LOUISIANA MID-CONTINENT OIL & GAS ASSOCIATION; NATIONAL ASSOCIATION OF CONVENIENCE STORES; THE PETROLEUM ALLIANCE OF OKLAHOMA; and WESTERN STATES PETROLEUM ASSOCIATION, <br><br> Petitioners, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | Case No. 24-1207 |

**PETITIONERS' NONBINDING STATEMENT OF ISSUES**

Pursuant to this Court's order of June 18, 2024, petitioners American Fuel & Petrochemical Manufacturers ("AFPM"), California Asphalt Pavement Association ("CalAPA"), California Manufacturers & Technology Association ("CMTA"), Consumer Energy Alliance ("CEA"),

Domestic Energy Producers Association ("DEPA"), Energy Marketers of America ("EMA"), Louisiana Mid-Continent Oil & Gas Association ("LMOGA"), National Association of Convenience Stores ("NACS"), The Petroleum Alliance of Oklahoma ("Petroleum Alliance"), and Western States Petroleum Association ("WSPA") submit this Nonbinding Statement of Issues in the consolidated cases challenging the final action of the United States Environmental Protection Agency ("EPA") entitled Greenhouse Gas Emissions Standards for Heavy-Duty Vehicles—Phase 3, published at 89 Fed. Reg. 29440 (April 22, 2024).

The issues presented are

(1)  Whether the Final Rule exceeds the EPA's statutory authority under the Clean Air Act.

(2)  Whether the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA failed to provide a reasoned explanation for its decision or to consider an important aspect of the issue.

(3)  Whether the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA ignored "upstream emissions" related to electric vehicles.

2

(4) Whether the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA relied on a flawed cost-benefit analysis.

(5) Whether the Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the EPA failed to consider the harms and effects stemming from its decision.

Petitioners reserve the right to raise additional issues in briefs to be filed in this case.

Dated: July 18, 2024                                Respectfully submitted,

/s/ Eric D. McArthur
Eric D. McArthur
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
emcarthur@sidley.com

*Counsel for Trade Association Petitioners*

/s/ Brittany M. Pemberton
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20036
(202) 828-5800
brittany.pemberton@bracewell.com

3

*Counsel for International Association of Machinists and Aerospace Workers, Port Arthur Lodge No. 823*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, I will cause the foregoing to be served by electronic means through the Court's CM/ECF system, on all counsel of record.

/s/ Eric D. McArthur
Eric D. McArthur
